UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Worldwide Distribution, LLLP, | ) | CASE NO. 1:16 MC 67 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Everlotus Industries Corp, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Compel Production of Documents from the American Brass Company (Doc. 1). Plaintiff initiated this action to compel The American Brass Company d/b/a The Empire Brass Company ("American Brass") to produce documents in response to a subpoena that relates to an action pending in the United States District Court for the Middle District of Florida ("Florida Action"). American Brass, located in this district, is not a party to the Florida Action. For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

Plaintiff is in the business of importing products from suppliers around the world and reselling and distributing the products to recreational vehicle manufacturers. (Florida Action, Compl. ¶12). The Florida Action involves a dispute between Plaintiff and two of its former suppliers ("Defendants"). In that action, Plaintiff alleges, among other things, that Defendants tortiously interfered with Plaintiff's business and contractual relationships. In its motion to compel, Plaintiff states that it believes Defendants may have conducted the interference through third parties such as American Brass. On March 29, 2016, Defendants moved to dismiss the Florida Action for lack of personal jurisdiction. The Florida court denied Defendants' motion on September 14, 2016, without prejudice and ordered the parties to complete jurisdictional discovery. In its order, the court authorized Plaintiff to serve a subpoena duces tecum without deposition on American Brass requesting communications between American Brass and Defendants and American Brass and Dehco, Inc.[1] The court determined that such communications "are relevant to whether Defendants engaged in tortious conduct that occurred either in Florida, or with effects that were felt in Florida."

Plaintiff issued a subpoena to American Brass on October 3, 2016, requesting the following information:

a. All communications, including, but not limited to, all correspondence, e-mail,

---

[1] According to Plaintiff's allegations in the Florida Action, Dehco is Plaintiff's customer. Dehco and Plaintiff entered into a non-circumvention agreement that prohibits the parties from negotiating or participating in any transaction with either party's contacts without the permission of the other party. Plaintiff alleges that Defendants began contacting Dehco with the intention of convincing Dehco to deal directly with Defendants instead of buying goods through Plaintiff. (Florida Action, Compl. ¶¶ 80-84).

> text messages, transmittal pages, memoranda, or notes of telephone or in-person communication between The American Brass Company d/b/a The Empire Brass Company ("Empire Brass") and Everlotus Industries Corp., Wellmade Faucets Corp., and Fengyu Wu a/k/a Gary Wu, from January 2014 to February 2016; and
>
> b.  All communications, including, but not limited to, all correspondence, e-mail, text messages, transmittal pages, memoranda, or notes of telephone or in-person communication, between Dehco, Inc., or any of its affiliates and Empire Brass from January 2014 to February 2016.

American Brass moved to quash the subpoena in the Florida Action. The Florida court denied the motion with leave to re-file in the correct court. The parties then unsuccessfully attempted to resolve the issue before seeking this Court's intervention. Plaintiff now moves to compel American Brass to produce the documents requested in the October 3 subpoena. American Brass opposes the motion.

### **LAW AND ANALYSIS**

When a party objects to a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(ii). The scope of discovery under a subpoena is the same as the scope of discovery under Federal Rule of Civil Procedure 26. *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013). Rule 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The scope of discovery is within the broad discretion of the trial court.

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Where, as here, a party objects to a subpoena on the basis that the information sought is confidential, a court engages in three inquiries: (1) whether the objecting party has shown that the information sought is proprietary and that its disclosure might be harmful; (2) whether the party seeking discovery has established that the information is relevant and necessary to the underlying action; and (3) whether the need for discovery outweighs the harm that will result from disclosure. *Id.* When discovery is sought from a non-party, a court "should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party." *Medical Ctr. at Elizabeth Place*, 294 F.R.D. at 92.

Here, the Florida court has already determined that the information Plaintiff seeks from American Brass is relevant to the issue of personal jurisdiction. In its opposition brief, American Brass does not dispute the relevancy of the information. In addition, Plaintiff states that it cannot obtain the information from Defendants because all communications between Defendants and American Brass were deleted from Defendants' email server. Indeed, Plaintiff has moved to compel the information at issue from Defendants in the Florida Action, and in opposing that motion, Defendants have informed the Florida court that any additional search for the communication would be futile. Thus, Plaintiff has met its burden of establishing relevancy and need.

With respect to the proprietary nature of the information and the harm it will cause, American Brass states that it is a direct competitor of Plaintiff and that Defendants are suppliers to both Plaintiff and American Brass. (McConville Aff. ¶ 3). It claims that the requested material contains information that would identify the prices American Brass pays its suppliers and that

4

American Brass derives economic value from keeping this information confidential. (*Id.* ¶ 4). It maintains that providing such confidential and proprietary information to Plaintiff could jeopardize or alter its supply costs should Plaintiff interfere in its relationship with its suppliers. It also argues that Dehco is a potential customer of Plaintiff and that the requested information could give Plaintiff a competitive edge that would allow it to undercut American Brass's pricing in an effort to entice Dehco to become Plaintiff's customer. Finally, American Brass argues that requiring it to produce the information would be unduly burdensome because the information can be obtained from Defendants in the Florida Action. It asks that this Court hold Plaintiff's motion to compel in this matter in abeyance until the Florida court rules on Plaintiff's motion to compel pending before that court.

American Brass has produced some evidence–though it is quite conclusory–that the information at issue is confidential and proprietary. In balancing the harm that American Brass might suffer from disclosure with Plaintiff's need for the information, the Court finds that the information should be produced. Any harm to American Brass is mitigated to a significant extent because Plaintiff does not seek current pricing information. Any pricing or other confidential information that is contained in the requested material would be historical as Plaintiff only seeks communications through February of 2016. In addition, American Brass has not shown, or even argued, that producing the requested information would be unduly burdensome, time-consuming, or expensive. Finally, contrary to American Brass's assertions, it appears that Plaintiff will not be able to obtain the information that it seeks from another source. As noted above, Defendants have stated that they have *none* of the communications at issue.

Out of an abundance of caution, however, the Court finds that a protective order is

5

appropriate, particularly in this situation where the information is being sought from a non-party.[2]

Where "good cause" exists, Rule 26 allows a court to issue a protective order requiring that confidential information "not be revealed or be revealed only in a specified way." If a court determines that confidential information is relevant and necessary, "the appropriate safeguards that should attend their disclosure ... are ... within the trial court's discretion." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262 (6th Cir. 2010) (quotations omitted).

Courts frequently use "attorneys' eyes only" protective orders when confidential information is to be provided to a competitor. *See E3 Biofuels, LLC v. Biothane Corp.*, 2013 WL 3778804, *1 (S.D. Ohio July 18, 2013) (noting that courts "routinely" enter attorneys' eyes only protective orders when confidential or sensitive information may be disclosed and would cause competitive harm); *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07 2657 MA/P, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (citing numerous cases where attorneys' eyes only protective orders were imposed when confidential information would be produced to a competitor but finding a standard protective order was sufficient because parties were not competitors). Because the requested discovery contains confidential information that may cause competitive harm to American Brass, a non-party to the underlying action, the Court finds that good cause exists for a protective order. The discovery must be produced subject to a protective order prohibiting the use of the information for any purpose other than the underlying litigation and providing that any pricing information be designated attorneys' eyes only.

---

[2] Plaintiff suggested that the Court enter a protective order in the event that it finds the requested information is confidential or proprietary. American Brass does not dispute that a protective order would protect the confidential and proprietary material at issue.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel Production of Documents from the American Brass Company (Doc. 1) is GRANTED. The requested discovery is to be produced in accordance with this Order. Plaintiff's request for attorneys' fees and expenses in making the motion is denied because American Brass's opposition to the motion was substantially justified.

IT IS SO ORDERED.

Dated: 2/09/17

                                              */s/Patricia A. Gaughan*
                                              PATRICIA A. GAUGHAN
                                              United States District Judge